In the Matter of MARIE ANDERSON et al., Respondents, against JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, et al., Appellants.

In the Matter of DAVID C. BRODERICK, Respondent, against JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, et al., Appellants.

First Department, June 1, 1956.

*Joseph P. Brennan* for appellants.

*Abraham J. Gellinoff* for respondents.

*Per Curiam.* The orders invalidating petitions for primary designations for public and party office should be affirmed.

Under section 135 of the Election Law as last amended in 1954 (L. 1954, ch. 745), a subscribing witness to a designating petition may append an unsworn statement, in lieu of an affidavit as theretofore required, but under the same penalties for falsehood as if duly sworn. Such a statement is a solemn, formal act that must comply with the statute. Its date is significant for a number of purposes, including the prevention of fraud. Such date is a material part of the statement, and its addition by one other than the witness after signature by the witness and in the latter's absence is a nullity, if only because it would make prosecution for false statement difficult, if not impossible.

There was substantial evidence in this case, much of it conceded, that the purported dates of the subscribing witnesses' statements were added by and under the supervision of some of the candidates, and after the subscribing witnesses had signed and in their absence. The inference is inescapable that the

practice was general. Moreover, in the after-dating only the crudest efforts were made to approximate the correct dates. In view of the clear proof of the general practice, we think Special Term was warranted, in the absence of reliable proof that the bulk of the petitions, particularly the petitions obtained by the subscribing witnesses Heard, Cochran and Murnan, were appropriately authenticated, in ruling that the attempted designations had failed.

While the record establishes wholesale disregard of the statutory requirements, engendered by carelessness or desire to avoid the inconveniences associated with circulating petitions, there is no warrant for charging fraud to those who supervised the circulation and execution of the petitions.

PECK, P. J., BREITEL, BOTEIN and RABIN, JJ., concur.

Orders appealed from affirmed.